**BADIAK & WILL, LLP**
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501-4404
(516) 877-2225
Our Ref.: 07-H-539-AW

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
FIREMAN'S FUND INSURANCE COMPANY,
as subrogee of PHOENIX INTERNATIONAL
FREIGHT SERVICES, LTD.,

            Plaintiff,

-against-

DELTA AIR LINES, INC.,

           Defendant.
------------------------------------------------------------X

**COMPLAINT**

Plaintiff FIREMAN'S FUND INSURANCE COMPANY, as subrogee of PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD., complaining of the defendant, DELTA AIR LINES, INC., by its attorneys BADIAK & WILL, LLP, sets forth and alleges to this Court upon information and belief, as follows:

1. There is federal question jurisdiction, as the claim arises under a treaty of the United States, specifically, the Convention for the Unification of Certain Rules Relating to International Transportation by Air, signed October 29, 1929 ("the Warsaw Convention") 49 Stat. 3000 T.S. 876, reprinted at 49 U.S.C. § 40105 (note) and certain amendments thereto. Plaintiff seeks recovery for cargo non-delivery, loss and delay caused by defendant's breach of contract, breach of bailment and negligence.

2. At and during all material times hereinafter referred to, plaintiff FIREMAN'S FUND INSURANCE COMPANY ("Fireman's Fund") was and still is a business corporation

duly organized and existing under and by virtue of the laws of California, with an office and place of business located at One Chase Manhattan Plaza, 37th Floor, New York, New York 10005-1423.

3.   Fireman's Fund was the insurer of the cargo, under policy number 009607160I, was obligated under its policies of insurance to pay, and did pay its assured, for non-delivery and delay sustained by said shipment while in transit, and would be or otherwise became subrogated to the rights of its assureds, against third-parties, including the defendant, for the non-delivery, loss and delay sustained, and it is entitled to maintain this action, and brings this action on its own behalf and on behalf of all parties who may be so entitled.

4.   At and during all material times hereinafter referred to, subrogor PHOENIX INTERNATIONAL FREIGHT SERVICES, LTD. ("Phoenix") was and still is a business corporation duly organized and existing under and by virtue of the laws of Illinois, with an office and place of business located at 712 North Central Avenue, Wood Dale, Illinois, 60191.

5.   At and during all material times hereinafter referred to, defendant DELTA AIR LINES, INC. ("Delta Air") was and still is a business corporation duly organized and existing under and by virtue of the laws of Delaware, with an office and place of business located at 1030 Delta Boulevard, Department 852, Atlanta, Georgia, 30354, and is engaged in business as an air common carrier and forwarder of freight by air for hire.

6.   Phoenix contracted with Delta Air for the latter's services as a common carrier, and on or about October 19, 2006, delivered into its care, custody and control in Stuttgart, Germany, a shipment of mixed machine parts manufactured by Inotec GmbH for

delivery to STO Corp. in Atlanta, Georgia. Delta Air agreed to transport and carry said shipment by air under Master Bill of Lading 006-48189094, House Bill of Lading VSS-7206O553, and deliver it to Atlanta, Georgia on October 19, 2006, to the order of plaintiff's insured and/or agents, all in consideration of freight charges paid or agreed to be paid.

7. On or about October 19, 2006, due solely to the negligence, breach of contract and breach of bailment of defendant Delta Air, said defendant lost the shipment and was unable to locate it and make delivery to plaintiff's insured and/or agents as scheduled, all in violation of said defendant's obligations and duties as a common carrier and forwarder of merchandise by air for hire.

8. Written notice of claim was sent to defendant on October 27, 2006.

9. By reason of defendant's breaches and negligence, STO Corp. was forced to replace the shipment and Phoenix was forced to compensate STO Corp. for the lost shipment.

10. After STO Corp. had replaced the shipment, defendant located the shipment in its warehouse.

11. Phoenix then salvaged and sold the newly discovered shipment to STO Corp. for one-half its original commercial cost, "as is, where is."

12. No acts or negligence on the part of the plaintiff's insured contributed to the loss herein described.

13. All conditions precedent required of the plaintiff and its predecessors-in-interest in said shipment have been performed.

14. By reason of these premises, plaintiff has sustained damages in the amount of $18,641.50, no part of which has been paid although duly demanded of defendant.

**WHEREFORE**, Plaintiff demands judgment of defendant in the amount of $18,641.50, together with pre-judgment interest, costs and such other relief as the Court deems equitable, just and proper.

Dated: Mineola, New York
September 6, 2007

Respectfully submitted,

BADIAK & WILL, LLP
Attorneys for Plaintiff
106 Third Street
Mineola, New York 11501
(516) 877-2225
07-H-539-AJW

By: _____
ALFRED J. WILL (AJW-2485)