Francis A. Montbach (FAM9631)
MOUND COTTON WOLLAN & GREENGRASS
Attorneys for Defendant
Delta Air Lines, Inc.
One Battery Park Plaza
New York, NY   10004
(212) 804-4200
email: fmontbach@moundcotton.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

FIREMAN'S FUND INSURANCE COMPANY,

                Plaintiff,                    07 CIV  7882 (JRS)

  - against -                            **ANSWER**

DELTA AIR LINES, INC.,

                Defendants

-------------------------------------------------------------x

       Delta Air Lines, Inc., by its attorneys, Mound Cotton Wollan & Greengrass, as and for its Answer to the Complaint herein, states as follows:

       FIRST:    Denies knowledge or information sufficient to form a belief as to the allegations contained in those paragraphs of the Complaint designated "2", "3", "4", "9", "10", "11" and "12"

SECOND: Denies knowledge or information sufficient to form a belief as to the allegations of that paragraph of the Complaint designated "1" except that it admits that there is federal question jurisdiction, as the claim arises under a treaty of the United States.

THIRD: Denies each and every allegation contained in that paragraph of the Complaint designated "5" except that it admits that it is a corporation organized and existing under the laws of the State of Delaware, with an office and place of business in Atlanta, Georgia and that it is a duly certified direct air carrier engaged in the transportation of persons and property pursuant to authority granted by the Department of Transportation of the United States.

FOURTH: Denies knowledge or information sufficient to form a belief as to the allegations contained in that paragraph of the Complaint designated "6" except that it admits that it received a shipment of freight, described as a "consolidation", in Stuttgart, Germany, the contents and condition of which were unknown, for carriage pursuant to air waybill #006-4818-9094, dated October 19, 2006, to Atlanta, Georgia.

FIFTH: Denies each and every allegation of those paragraphs of the Complaint designated "7", "8", "13" and "14".

AS AND FOR A FIRST COMPLETE
AFFIRMATIVE DEFENSE

SIXTH: Any damages allegedly suffered by the plaintiff herein resulted from the acts and/or omissions of certain third parties for whose conduct this defendant is not responsible.

AS AND FOR A SECOND COMPLETE
AFFIRMATIVE DEFENSE

SEVENTH: The contract of carriage embarked upon by the plaintiff herein was an international transportation and as such was governed, controlled and made subject to the

terms and provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable.

EIGHTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay unless the loss, damage or delay is shown to have resulted from the negligence of this defendant.

NINTH: Upon information and belief, this defendant is not guilty of any negligence and has taken all necessary measures to avoid any loss, damage or delay under the contract of carriage.

### AS AND FOR A THIRD COMPLETE AFFIRMATIVE DEFENSE

TENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay where such loss, damage or delay is shown to have been caused by or contributed to by the negligence or fault of the plaintiff, its agents, servants and/or employees.

ELEVENTH: Upon information and belief, any loss, damage or delay was caused by or contributed to by the plaintiff, its agents, servants and/or employees.

### AS AND FOR A FOURTH COMPLETE AFFIRMATIVE DEFENSE

TWELFTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay

unless a written notice of claim concerning such loss, damage or delay is filed with this defendant within the applicable time limit.

THIRTEENTH:   Upon information and belief, the proper written notice of claim concerning such loss, damage or delay was not filed with this defendant within the applicable time limit.

### AS AND FOR A FIFTH COMPLETE AFFIRMATIVE DEFENSE

FOURTEENTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any loss, damage or delay in that it performed each and every obligation and duty required of it under the contract of carriage and delivered the shipment to the proper party in the same order and condition as received.

### AS AND FOR A SIXTH COMPLETE AFFIRMATIVE DEFENSE

FIFTEENTH:   That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable, this defendant has no liability to this plaintiff or to any other person under the contract of carriage for any consequential and/or special damages arising out of or in any way connected with the loss, damage or delay under the contract of carriage.

SIXTEENTH: Upon information and belief, the damages allegedly suffered by the plaintiff herein are of a consequential and/or special nature.

AS AND FOR A SEVENTH PARTIAL
AFFIRMATIVE DEFENSE

SEVENTEENTH: That under the applicable provisions of this defendant's contract of carriage, tariffs and/or the Montreal Convention, if applicable, the liability, if any, of this defendant for any loss, damage or delay is limited.

WHEREFORE, defendant, Delta Air Lines, Inc., demands judgment against the plaintiff dismissing this action, together with costs and disbursements.

Dated: New York, New York
       December 4, 2007

                     MOUND, COTTON & WOLLAN & GREENGRASS
                     Attorneys for Defendant,
                     Delta Air Lines, Inc.

                     By _____
                        Francis A. Montbach (FAM9631)
                        Office and P. O. Address
                        One Battery Park Plaza
                        New York, New York 10004
                        (212) 804-4200
                        fmontbach@moundcotton.com

TO: BADIAK & WILL, LLP
     Attorneys for Plaintiff
     106 Third Street
     Mineola, NY 11501-4404

AFFIDAVIT OF SERVICE

STATE OF NEW YORK      )
                       ): ss.:
COUNTY OF NEW YORK  )

MARIAN KELLY, being duly sworn, deposes and says:

Deponent is not a party to this action, is over the age of 18 years, and resides in Maywood, New Jersey.

That on December 4, 2007, deponent served the within **ANSWER** on:

> Badiak & Will, LLP
> Attorneys for Plaintiff
> 106 Third Street
> Mineola, NY 11501-4404

the address designated by said attorney for that purpose by depositing the same, enclosed in a postpaid properly addressed wrapper, directed to said attorney at the above address in an official depository; under the exclusive care and custody of the United States Postal Service within the State of New York.

_____
Marian Kelly

Sworn to before me this
4th day of December, 2007

_____
Notary Public

IRENE SIEGEL
Notary Public State of New York
No. 41-4872330
Qualified in Queens County
Commission Expires October 14, 2010